```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


MARK MULDOWNEY,                )
        Plaintiff,             )
                               )
     v.                        )    C.A. No. 04-10516-GAO
                               )
COMMONWEALTH OF MASSACHUSETTS, )
        Defendant.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint shall be dismissed.

BACKGROUND

On March 12, 2004, plaintiff Mark Muldowney submitted for filing his self-prepared complaint against the Commonwealth seeking monetary damages for the alleged violation of plaintiff's constitutional rights when the Commonwealth failed to launch a formal investigation or arrest persons who allegedly "victimized" the plaintiff.

DISCUSSION

I.  Screening of Complaint

A district court may dismiss a complaint filed by in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke

v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).  Here, plaintiff's complaint is subject to dismissal because it seeks relief against a defendant who is immune from relief.

   II.   Eleventh Amendment Immunity

The Eleventh Amendment[1] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam).  Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought."  Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh).

Massachusetts has not waived its Eleventh Amendment immunity, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) ("there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity"), and Congress did

---

[1] The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

not override state's immunity in enacting Section 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979) (state administrative agency immune from § 1983 action). Thus, the Eleventh Amendment bars plaintiff's suit against the Commonwealth. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

### III. No Right To Have Others Prosecuted

To the extent that plaintiff's complaint could be construed as an attempt to state a cause of action against the defendant based on a purported right to have an alleged crime investigated, it is also subject to dismissal because private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).

### CONCLUSION

ACCORDINGLY, this action is dismissed as lacking any legal merit under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 23nd day of March, 2004.

```
                              /s/ George A. O'Toole, Jr.
                             GEORGE A. O'TOOLE, JR.
                             UNITED STATES DISTRICT JUDGE
```